UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOAN PERRY,

           Plaintiff,

v.

COUNTRYWIDE HOME LOANS,
INC.,

           Defendant.

_____/

CIVIL ACTION NO. 08-13449

DISTRICT JUDGE PAUL D. BORMAN

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER

Defendant's Motion for a Finding of Contempt (Docket Entry 11) was referred to the undersigned magistrate judge for hearing and determination. The Motion was set for hearing on June 9, 2009. The parties appeared, by counsel, for hearing on that date. Subsequently, on July 2, 2009, counsel for Plaintiff filed an untimely Response (Docket Entry 18). Having reviewed Defendant's Motion, Plaintiff's untimely Response, and the List of Unresolved Issues, and having had the benefit of oral argument, I find that the Motion should be granted, in part.

Plaintiff's prosecution of this action has been significantly deficient. She has neglected her obligation to provide the disclosures required by Fed.R.Civ.P. 26(a)(1), in spite of this court's Order. She has further neglected to provide a timely list of witnesses. In addition to those significant failures, Plaintiff has failed to meet her obligation to provide complete and timely responses to Defendant's Interrogatories, which were served upon Plaintiff on January 9, 2009. Rather, she submitted piecemeal responses on May 4, June

3 and June 8, 2009. Notwithstanding those multiple responses, Plaintiff has failed to provide all of the information called for in the Interrogatories.

Fed.R.Civ.P. 36(b) permits the imposition of sanctions against a party who fails to obey an order to provide or permit discovery, including an order Rule 26(f). In appropriate circumstances, those sanctions may extend to the striking of pleadings and dismissal. In our Circuit, four factors are relevant to the determination of whether dismissal or default is appropriate as a consequence of discovery abuses. Those factors are: 1) whether the party's failure to cooperate in discovery is due to wilfulness, bad faith or fault; 2) whether the adversary was prejudiced by the defending party's failure to cooperate in discovery; 3) whether the offending party was warned that failure to cooperate could lead to dismissal; and 4) whether less dramatic sanctions were imposed or considered earlier in the action. Regional Refuse Systems, Inc. v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir. 1988). In this case, I am satisfied that Plaintiff's failure to meet her discovery obligations was wilful. I am also satisfied that the Defendant has been prejudiced by her failure to cooperate. That prejudice takes the form of increased expenses, unwarranted delay and the inability to pursue a Motion for Summary Judgment within the deadlines established by the Court. On this record, however, it does not appear that Plaintiff has been warned that her failure to cooperate could lead to dismissal. Nor does the record reflect that less dramatic sanctions were imposed as a consequence of her earlier discovery failures. Furthermore, I am satisfied that the prejudice suffered by Defendant can be ameliorated by Plaintiff's prompt compliance with her discovery duties, and by an appropriate extension of the dispositive motion deadlines.

2

Defendant's Interrogatory No. 1 sought all facts supporting the allegations in Paragraph 3 of Plaintiff's Complaint.  Plaintiff's responses of May 4 and June 3, 2009 failed to respond to Interrogatory No. 1.  Her unverified responses of June 8, 2009 declared that Plaintiff has no facts to support the averments contained in the cited paragraph.  Defendant is entitled to a complete and verified response in writing, or in the alternative, a verified written confirmation that Plaintiff has no responsive factual material.

Defendant's Interrogatory No. 2 requested that Plaintiff identify any witnesses and documents upon which she would rely to support her Answer to Interrogatory No. 1.  Plaintiff's incomplete responses of May 4 and June 3, 2009 fail to complete the response to the Interrogatory.  Her unverified response of June 8, 2009 simply indicated that the Interrogatory was not applicable.  Defendant is entitled to a verified written response.

Defendant's Interrogatory No. 3 requested a recitation of all facts upon which Plaintiff relied in support of Paragraph 12 of her Complaint.  Plaintiff's responses of May 4, June 3 and June 8, 2009 simply named two individuals with whom Plaintiff presumably communicated regarding her mortgage loan account.  Her responses fail to provide facts relating to the substance of the communications, the manner in which they were transmitted to her, the circumstances surrounding them, or the dates upon which they occurred.  Defendant is entitled to a complete and verified written response.

Defendant's Interrogatory No. 5 requested all facts supporting the allegations in Paragraph 13 of Plaintiff's Complaint.  Once again, her responses of May 4, June 3 and June 8, 2009 simply named individuals with whom Plaintiff presumably communicated.  Her responses exhibit the same deficiencies as those tendered in response to Defendant's Interrogatory No. 3.  Defendant is entitled to a complete, verified written response setting

3

out the specific representations claimed, the manner in which they were communicated to Plaintiff, the circumstances surrounding the communication and the specific dates of communications, if known.

Defendant's Interrogatory No. 9 requested facts supporting Paragraph 17 of Plaintiff's Complaint, which claimed emotional distress. The Interrogatory set out four specific categories of information necessary to a complete response. Plaintiff's responses of May 4, June 3 and June 8, 2009 did not respond to the specific categories. Plaintiff's written motion response of July 2, 2009 represented that she "was dropping her emotional distress claim." Defendant is entitled to a complete, verified written response to its interrogatory or, in the alternative, a written confirmation that the claim for emotional distress is dismissed.

Defendant's Interrogatory No. 10 requested the identity of any witnesses and/or documents supportive of her response to Interrogatory No. 9. Plaintiff's responses of May 4 and June 3, 2009 merely identified her attorney. Her unverified response of June 8, 2009 identified her counsel and two additional witnesses. No documents were identified. Defendant is entitled to a complete and verified written response to its interrogatory. Any responsive documents should be identified. If Plaintiff has no responsive documents, that fact should be affirmatively asserted.

Defendant's Interrogatory No. 11 requested all facts supporting Paragraph 21 of Plaintiff's Complaint, which asserted a violation of the Fair Debt Collection Practices Act. The interrogatory specifically requested: a) the date of each alleged violation; b) the nature of each such violation; and c) the name of the employee or agent of Defendant who committed the alleged violation. Plaintiff's responses of May 4, June 3 and June 8, 2009

4

failed to respond to each portion of the interrogatory.  Defendant is entitled to a complete and verified written response.

Defendant's Interrogatory No. 14 requested the identity of each person whom Plaintiff expects to call as an expert witness at trial.  Plaintiff's unverified response of June 8, 2009 asserts that she has not retained and does not anticipate utilizing an expert. Defendant is entitled to a complete and verified written response.

Defendant's Interrogatory No. 16 requested information regarding Plaintiff's claimed "actual and compensatory damages, including those for mental anguish" identified in her prayer for relief.  The information set out for specific categories of information necessary to a complete response.  Plaintiff's responses of May 4, June 3 and June 8, 2009 failed to respond to the interrogatory.  Defendant is entitled to a complete and verified response to each portion of its interrogatory.

IT IS THEREFORE ORDERED that Plaintiff shall provide complete and verified written answers to the above noted Interrogatories within ten (10) days of the service of this Order upon her.  Plaintiff is further ordered to pay counsel for Defendant the sum of $1,500.00, within thirty (30) days of the date of the service of this Order upon her, as reasonable attorney fees in connection with the preparation and prosecution of the instant Motion.  Defendant shall be afforded a period of forty-five (45) days after service of Plaintiff's responses to conduct the deposition of Plaintiff and any witness identified in the Plaintiff's responses.  It is recommended that the District Judge extend the dispositive motion dates as necessary to allow Defendant to complete the discovery provided in this Order.

Plaintiff is specifically admonished that her failure to fully comply with the terms of this Order will result in a recommendation that her Complaint be stricken, and that judgment for Defendant be entered.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: August 5, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on August 5, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 5, 2009: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217